**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

COREY R. BEEKMAN,

    *Plaintiff*,

v.

ROBERT WILKIE, USAA
FEDERAL SAVINGS BANK,
NATIONSTAR MORTGAGE,
MIDLAND COUNTY SHERIFF'S
OFFICE JAIL DIVISION, MIDLAND
COUNTY PROSECUTOR'S OFFICE,
MIDLAND COUNTY CLERK,
AMBER BLEVONS, SCHNEIDERMAN
& SHERMAN, P.C., TROTT LAW, P.C.,
and ACRES & HOMES REALTY, INC.,

    *Defendants*.
_____/

CASE NO. 18-CV-12878
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTIONS TO DISMISS
AND RECOMMENDING DISMISSAL OF THE COMPLAINT
UNDER FED. R. CIV. P. 41(b)
(R. 3, 16)**

**I.**  **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the entire case be **DISMISSED** without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b) and that the motions to dismiss from defendants Robert Wilkie (R. 3) and defendants Nationstar Mortgage and USAA Federal Savings Bank (R. 16) be **DENIED as MOOT.**

1

## II. REPORT

### A. Introduction

On June 15, 2018, Plaintiff Corey Beekman, proceeding pro se, filed a complaint in State Court. On September 14, 2018, the case was removed to this federal court by Defendant Wilkie, Secretary of Veterans Affairs. (R. 1.) Plaintiff's Complaint alleges, in total, the following:

> All parties listed are parties in the violations of Uniformed Soldiers and Sailors Relief act. And Fraud listing of a Sheriff Sale along with Harassment and Violations of Harp Guidelines and State House authority Foreclosure Guidelines of Agricultural property's in the state of Michigan. For the Agricultural Farm property listed at 842 West Chippewa River Rd Midland, MI 48640 of Lee Township and registered with United States Department of Agriculture. Defendants were also informed of improper actions and Failed to fallow Michigan Law of Agricultural property Readmission of 1 year. They also violated orders from OCC to fallow Harp guidelines and process a loan modification for witch the Plaintiff was more than qualified for. The Defendants also failed to perform legal duties on paperwork and have falsified statements to have There copies certified by officials. They have also showed bias against the Plaintiff and refused to perform legal duties of there offices. The defendants have also sent agents to the property to harass and trespass on a clearly and legally posted property of plaintiff during this process causing extreme aggravations to plaintiffs PTSD from his military service.
>
> The Plaintiff is Hear by seeking for Judgment of reversal of the sale and enforcement of HARP Guidelines at original interest rates at time of initial application. The WE also seek 25,000.00 Dollars Punitive Damages for Defendants Violations of laws procedures and orders of the OCC and harassment and aggravation of Plaintiffs PTSD.

(R. 1 at PageID.6.)[1]

---

[1] The quote is exact; grammatical and spelling errors were not highlighted for ease of reading.

On September 21, 2018, Defendant Wilkie filed the instant motion to dismiss based on lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(1) and (b)(6). (R. 3.) Defendant Wilkie notes that Plaintiff did not expect his case to be heard in federal court and that he did not know he would need to meet federal court pleading requirements, and thus asks the Court to dismiss his complaint without prejudice for failure to allege any waiver of sovereign immunity under 12(b)(1) and because it lacks sufficient factual allegations to apprise Defendant of what he is accused of doing wrong under 12(b)(6). (R. 3 at PageID.20-26.) Defendants Nationstar Mortgage, LLC and USAA Federal Savings Bank's motion asks for dismissal based on Plaintiff's failure to file an amended complaint pursuant to the State Court's (Midland County District Court) Order granting its motion for a more definite statement and because Plaintiff's Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (R. 16, State Court Order at Page.ID.85-86.)

On September 26, 2018, Plaintiff was ordered to file a response to Defendant Wilkie's motion to dismiss by October 12, 2018. (R. 8.) On October 10, 2018, Plaintiff was ordered to file a response to Defendants Nationstar and USAA's motion to dismiss by October 30, 2018. (R. 16.) To date, Plaintiff has completely failed to appear at all in this case.

### B. Analysis and Conclusions

Federal Rule of Civil Procedure 41(b) grants federal courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." Fed R. Civ. P. 41(b). Local Rule 41.2 mirrors the federal rule, providing

3

that "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. R. 41.2.

Dismissal for failure to prosecute is "available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)).

The Sixth Circuit has established four factors in determining whether a case should be dismissed for want of prosecution pursuant to Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363.

Applying these factors here, the first weighs in favor of dismissal. Plaintiff has completely absented himself from the prosecution of this case despite motions and Orders

4

requiring his response having been filed. Plaintiff has done nothing since this case was removed to federal court. The history of neglect and non-responses supports dismissal. *See Knoll*, 176 F.3d at 363.

The second factor, prejudice to Defendant, supports dismissal at least as to Defendant Wilkie, who urged the court for dismissal without prejudice. As to the other defendants, this factor may be more neutral.

The final factor is whether a lesser sanction would suffice. I conclude it would not. This is not a situation where Plaintiff is struggling to comply, asking for deadline extensions, or otherwise showing any interest in his own case. Instead, Plaintiff has simply abandoned his case and has done nothing to appear or to respond despite having been twice ordered to do so since the case was removed to this Court. "Pro se plaintiffs are not automatically entitled to take very case to trial…and the lenient treatment generally acquired to pro se litigants has limits" *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)(affirming dismissal of claim under Rule 12(c) where pro se plaintiff failed to comply with court-ordered response deadlines); see also *Weaver v. Estes*, No. 4:04CVP144M, 2005 WL 2388284, at *1 (W.D. Ky. Sept. 26, 2005)(granting motion to dismiss for failure to prosecute under Rule 41(b) where plaintiff failed to respond to dispositive motion and "fail[ed] to pursue his case in any way since January, despite motions to dismiss from Defendants").

Accordingly, I recommend that the case be dismissed without prejudice for failure to prosecute under Rule 41(b) and that motions to dismiss from defendants Robert Wilkie

5

(R. 3) and Defendants Nationstar Mortgage and USAA Federal Savings Bank (R. 16) be denied as moot.

### III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1,"

6

"Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 8, 2019                                    S/ PATRICIA T. MORRIS
                                                         Patricia T. Morris
                                                         United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Corey R. Beekman at 842 W. Chippewa River Rd., Midland, MI 48640.

Date: January 8, 2019                                    By s/Kristen Castaneda
                                                         Case Manager